UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DP WORLD DJIBOUTI FZCO<br><br>    Petitioner,<br><br>    v.<br><br>REPUBLIC OF DJIBOUTI,<br><br>    Respondent. | Civil Action No. 1:23-cv-01524 |

**PROTECTIVE AGREEMENT AND ORDER**

WHEREAS, Petitioner DP World Djibouti FZCO ("Petitioner") served subpoenas *duces tecum* dated March 27, 2025 (the "Subpoenas") on non-parties Bank of America, N.A., Citibank N.A., Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., and JP Morgan Chase Bank, N.A. (the "Subpoenaed Non-Parties") in this action (the "Action"); and

WHEREAS, the Subpoenas call for the production of documents in the Subpoenaed Non-Parties' possession containing information that includes confidential information; and

WHEREAS, compliance with the Subpoenas will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Petitioner and Respondent the Republic of Djibouti ("Respondent") by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Subpoenaed Non-Parties to Petitioner in response to the Subpoenas and to any future subpoena that Petitioner may serve on the Subpoenaed Non-Parties (or any other non-party) in connection with the Action.

2. The term "Confidential Information," as used in this Protective Agreement and Order, means any record, spreadsheet, or other document produced by the Subpoenaed Non-Parties in response to the Subpoenas that the Subpoenaed Non-Parties, after reviewing such record, spreadsheet or other document, reasonably and in good faith believe constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information," as used in this Protective Agreement and Order, shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by the Subpoenaed Non-Parties. The Subpoenaed Non-Parties may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3. If Petitioner contends that materials designated by a Subpoenaed Non-Party should not be deemed Confidential Information under this Protective Agreement and Order, it shall notify the Subpoenaed Non-Party of its position within 14 days from the receipt of such designation. Upon the Subpoenaed Non-Party's receipt of such notification, Petitioner and the Subpoenaed Non-Party shall meet and confer within seven (7) days to attempt to resolve the dispute by agreement. If Petitioner and the Subpoenaed Non-Party are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4. Petitioner shall not use or disclose the Confidential Information for any purpose other than (i) in actions to enforce Petitioner's judgment dated July 23, 2024 entered against Respondent in the Action (the "Judgment"); (ii) in garnishment, execution or similar proceedings

that Petitioner may commence in the future to enforce the Judgment; or (iii) in any appeals of the foregoing actions and proceedings (collectively, the "Judgment Enforcement Proceedings").

5. Documents produced by the Subpoenaed Non-Parties and designated Confidential may be filed with the Court in connection with any application, motion, hearing, trial or other proceeding in any Judgment Enforcement Proceeding, but only on the condition that confidential identifying information—*i.e.*, account numbers, codes, social security numbers, taxpayer identification numbers, employer identification numbers, passwords, and information that may be used for identity theft—be redacted from such documents, before they are filed, to the extent such information is not necessary to advance the purpose or objective of the filing. To the extent Petitioner intends publicly to file Confidential Information without redacting confidential identifying information, contending that such confidential identifying information is relevant or necessary, Petitioner shall contact the Subpoenaed Non-Parties' counsel and provide the Subpoenaed Non-Parties forty-eight (48) hours to review the document(s) before the Confidential Information is filed. If the Subpoenaed Non-Parties notify Petitioner's counsel of a dispute under this paragraph within that forty-eight (48) hour period, the Subpoenaed Non-Parties shall have the right to apply to the Court, within five (5) business days and before the Confidential Information is filed, for an order sealing or barring the public filing of the Confidential Information. Petitioner shall not file the Confidential Information until after the Court has ruled on any such application. Petitioner agrees to act in good faith to try to resolve any dispute under this paragraph without having to involve the Court.

6. Nothing in this Confidentiality Agreement will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction; provided, however, that such person receiving a request will provide written notice to the producing person at least ten (10) days before any disclosure or otherwise with as many days' notice as is permitted by the time allowed under the request. Upon receiving such notice, the Subpoenaed Non-Parties shall have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

7. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and any Judgment Enforcement Proceedings:

   a. Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

   b. Experts or consultants assisting counsel for those parties in the Action and Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

   c. Potential, anticipated and actual witnesses, and their counsel, in the Action or the Judgment Enforcement Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

   d. The Court in the Action and any court in the Judgment Enforcement Proceedings; and

    e.    Court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

8.    Before counsel may show or disclose Confidential Information pursuant to Section 7 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts, or consultants pursuant to Section 7 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or any Judgment Enforcement Proceedings.

9.    The inadvertent disclosure by the Subpoenaed Non-Parties of any document or information subject to a claim of attorney-client privilege, attorney work product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and the Subpoenaed Non-Parties shall have the right to have the document or information returned to their counsel. Nor shall this Protective Agreement and Order be construed as requiring the Subpoenaed Non-Parties, or any of their respective branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver of the Subpoenaed Non-Parties' right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of their right to a return of the document(s) or information.

10.    The obligations under this Protective Agreement and Order shall survive the termination of the Action and of any Judgment Enforcement Proceedings and shall continue to

bind Petitioner, Respondent, the Subpoenaed Non-Parties, and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

11. Upon execution by the Petitioner's and Respondent's respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon Petitioner and Respondent and shall be deemed to have the same effect as a court order.

12. Petitioner and Respondent may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

DATED: April 8, 2025

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Matthew M. Madden
Matthew M. Madden (D.C. Bar No. 991139)
2000 K. St. NW
Washington, D.C. 20006
202-775-4500
202-775-4510
mmadden@kramerlevin.com

*Counsel for the Republic of Djibouti, Respondent*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ Debra O'Gorman
Debra O'Gorman (Bar No. NY0499)
295 5th Ave,
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Dennis H. Hranitzky (Bar No. NY0117)
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, UT 84121
Telephone: 801-505-7300
Facsimile: 801-515-7400

*Counsel for DP World Djibouti FZCO, Petitioner*

SO ORDERED.

_Colleen Kollar-Kotelly_
Colleen Kollar-Kotelly
UNITED STATES DISTRICT JUDGE

Dated this **9th** day of **April**, 2025.

6

## **EXHIBIT A**

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have been informed that on April 9, 2025, the United States District Court for the District of Columbia entered a Protective Agreement and Order (the "Protective Order") in the litigation titled *DP World Djibouti FZCO v. Republic of Djibouti*, Case No. 1:23-cv-01524 (D.D.C.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the Court for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." I acknowledge that my duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed Name: _____

Signature: _____